Ann K. Chapman, OSB #83283
Douglas R. Ricks, OSB #04402
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

     Of Attorneys for Plaintiffs


# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 14-35434-tmb13 |
| | ) |
| Joseph George Meeko IV | ) |
| Carmen F. Meeko | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| Joseph George Meeko IV | ) Adv. Proc. No. |
| Carmen F. Meeko | ) |
| | ) **COMPLAINT** |
| Plaintiffs, | ) |
| | ) (1) Violation of the Automatic Stay - 11 U.S.C. § |
| vs. | ) 362; |
| | ) |
| Meritage Homeowners' | ) (2) Violation of Confirmation Injunction - 11 |
| Association, Mark C. Hoyt, and | ) U.S.C. § 1327; and |
| Sherman, Sherman, Johnnie & | ) |
| Hoyt, LLP | ) (3) Declaratory Judgment. |
| | ) |
| Defendants. | ) |

## SUMMARY OF THE ACTION

Defendants Meritage Homeowners' Association, Mark C. Hoyt, and Sherman,

Sherman, Johnnie & Hoyt, LLP ("Defendants") are seeking payment of $173,562.14 as

stated in its fourth quarter 2014 dues invoice, by threatening collection action against

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Plaintiffs in Lincoln County to collect this sum, despite the Plaintiffs' bankruptcy filing.  Most, if not all of this amount, is for pre-petition claims that were reduced to judgment against Plaintiff in January 2014 for in excess of $193,000, which included dues payable through December 2014, as well as assessments due to defective windows and invoices for attorneys fees received by the Plaintiffs in August 2014, which was prior to the filing of this bankruptcy.

The Plaintiffs filed bankruptcy on September 25, 2014 and their plan revested the property subject to the HOA claims in the lender on November 17, 2014, a mere 53 days later. Plaintiffs are prepared to pay any post-petition HOA obligations that were not previously owed on the date of bankruptcy and seeks the court's assistance in determining that amount after Defendant Meritage files its pre-petition claim.

## PARTIES

1.  Plaintiffs Joseph George Meeko IV and Carmen F. Meeko ("Plaintiffs" or "Meeko") are the debtors in the above-referenced Chapter 13 case.  Plaintiffs filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, on September 25, 2014 (the "Petition Date").  Plaintiff's Chapter 13 Plan was confirmed on November 17, 2014 (the "Confirmation Date").

2.  Defendant Meritage Homeowners' Association ("Meritage") is an Oregon Non-Profit (Mutual Benefit with Members) Corporation with its principal place of business in Newport, Oregon and formed to serve as the homeowners' association for a planned unit development known as Meritage at Little Creek in Lincoln County, Oregon.

3.  Defendant Mark C. Hoyt ("Hoyt") is an active Oregon attorney who represents Meritage.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.      Defendant Sherman, Sherman, Johnnie & Hoyt, LLP ("SSJH") is a Oregon Limited

Liability Partnership which represents Meritage.

## JURISDICTION AND VENUE

5.      Jurisdiction over this adversary proceeding arises under 28 U.S.C. §§ 157(b),

1334(b) and L.R. 2100-1.

6.      This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

The matters in controversy arise under 11 U.S.C. §§ 362, 1301, and 1327.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a); this is a core

proceeding arising in a bankruptcy case pending in this district.

8.      The United States Bankruptcy Court for the District of Oregon may enter a final

judgment resolving all issues raised by the Plaintiff.


## STATEMENT OF FACTS

*The Property*

9.      The property located at 56 NW 33rd Place, Unit A, Newport, Oregon 97365 (the

"Property") and legally described as follows:

> Lot 14, MERITAGE NO. 3, a Planned Unit Development in the City of
> Newport, County of Lincoln and State of Oregon.  TOGETHER WITH access
> over private roads as set forth in Declaration of Covenants, Conditions, and
> Restrictions for Meritage recorded 12-19-03, Document No. 200321490,
> Lincoln County Film Records.

is located within the Meritage at Little Creek development.

10.     As of the Petition Date, Plaintiffs were the legal owners of the Property.

11.     As of the Petition Date, Plaintiffs owed unpaid assessments to Defendant for the

Property.

*The Pre-Petition Litigation, Settlement Agreement, and Invoices*

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

12.　　On or about August 2, 2011, Defendant Hoyt initiated a complaint on behalf of

Defendant Meritage against Plaintiffs, styled *Meritage Homeowner's Association v.*

*Meeko and USAA Federal Savings Bank*, Lincoln County Case No. 112579, seeking

to recover certain amounts alleged to be owed to Defendant Meritage.

13.　　On or about January 21, 2014, the Circuit Court of the State of Oregon for the

County of Lincoln ("Lincoln County Court") entered a General Judgment and Money

Award in the amount of $193,490.83 (the "Judgment"); a copy of that General

Judgment and Money Award is attached hereto as **Exhibit A**.

14.　　On or about April 8, 2014, Defendants Meritage, Hoyt, and SSJH executed a

Settlement Agreement (the "Settlement Agreement") addressing the Judgment; a

copy of that Settlement Agreement is attached hereto as **Exhibit B**.  Specifically, the

Settlement Agreement stated that "Said Judgment includes dues payable through

December 31, 2014."  Settlement Agreement § IV.

*Post-Petition Collection of Pre-Petition Amounts*

15.　　On or about July 15, 2014, Defendant Meritage sent or caused to be sent to

Plaintiffs an invoice labeled "Third Quarter 2014 Dues Invoice" (the "3Q Invoice"); a

copy of that invoice is attached hereto as **Exhibit C**.  That invoice demanded

payment of $185,758.61 consisting of a "Carry Forward" amount of $170,910.74 and

attorney fees of $14,847.87.

16.　　On or about October 15, 2014, Defendant issued an invoice to Plaintiffs seeking

payment of $173,562.41 for the fourth quarter of 2014 (the "4Q Invoice"); a copy of

that invoice is attached hereto as **Exhibit D**.  The 4Q Invoice included charges for

"Window Assessment - $116,000.00," "Collateral Damage - $60,000.00," "Fees -

$2,500.00," "HOA Attorney's Fee Assessment - $26,316.25," and " Accrued Interest

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

- $827.69."

17. The 4Q Invoice includes pre-petition amounts claimed against the Plaintiffs, including, but not limited to, the following:

   a. The "Window Assessment" arises from the Judgment. Defendant Meritage has stated that "a special assessment was levied against the Meekos for failure to replace defective windows in their unit." Declaration of Kurt Freitag, p. 10, ll. 1-3; a copy of the declaration is attached as **Exhibit E** (without attachments or exhibits).

   b. The "Collateral Damage" represents an unsubstantiated amount of damage to the Property as a result of non-repair of windows at the Property. These claim(s) relate back to the Judgment.

   c. The "Fees" are fines that are again based on non-repair of windows. These claim(s) relate back to the Judgment.

   d. The "HOA Attorney's Fee Assessment" is based on legal fees allegedly incurred by the Defendant in a number of proceedings that occurred pre-petition. These claim(s) relate back to pre-petition claim(s) of the Defendant(s).

   e. The "Accrued Interest" represents interest accrued on amounts due pre-petition.

18. On or about November 18, 2014, Defendants Hoyt and SSJH, on behalf of Defendant Meritage, made demand upon Plaintiffs, by and through Plaintiff's counsel, for the amount of $173,562.41; a copy of that demand is attached hereto as **Exhibit F**. As part of the same, Defendants provided the requisite written notice under ORS 94.630(4) as the requisite written offer prior to initiation of litigation.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## FIRST CLAIM FOR RELIEF

## (Violation of 11 U.S.C. § 362)

19.     Plaintiffs hereby repeat and reallege the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates the same herein by this reference.

20.     Defendants violated 11 U.S.C. §§ 362(a)(1) by seeking to recover pre-petition claim(s) against the Plaintiffs.

21.     Defendants violated 11 U.S.C. §§ 362(a)(2) by seeking to collect upon amounts which were incorporated into the Judgment.

22.     Defendants violated 11 U.S.C. §§ 362(a)(5) by providing a written offer pursuant to ORS 94.630(4) as a precursor to litigation and a judgment (which imposes a lien by operation of law).

23.     Defendants violated 11 U.S.C. §§ 362(a)(6) by seeking to assess, collect, or otherwise collect amounts arising prior to the Petition Date.

24.     Pursuant to 11 U.S.C. § 362(k), Debtor is entitled to recovery of actual damages (including economic and noneconomic damages), punitive damages, and attorney fees in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

## (Violation of 11 U.S.C. § 1327)

25.     Plaintiffs hereby repeat and reallege the allegations set forth in the preceding paragraphs as though fully set forth herein and incorporates the same herein by this

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

reference.

26.     Defendants violated 11 U.S.C. § 1327(a) and this Court's order confirming the Plan

by

27.     Pursuant to 11 U.S.C. § 105(a) and the Court's inherent contempt powers, Debtor is

entitled to recovery of actual damages (including economic and noneconomic

damages) and attorney fees in an amount to be determined at trial.


**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment)**

28.     Plaintiffs hereby repeat and reallege the allegations set forth in the preceding

paragraphs as though fully set forth herein and incorporates the same herein by this

reference.

29.     All amounts alleged to be owed by Defendant are claims which arose prior to the

Petition Date.


WHEREFORE, Plaintiff respectfully requests relief as follows:

1.      On the First Claim for Relief, adjudging that Defendants Meritage, Hoyt, and

SSJH violated the automatic stay of 11 U.S.C. § 362 and awarding actual

damages, punitive damages and attorney fees in an amount to be proven at

trial;

2.      On the Second Claim for Relief, adjudging that Defendants Meritage, Hoyt,

and SSJH violated the confirmation injunction of 11 U.S.C. § 1327 and

awarding actual damages and attorney fees in an amount to be proven at

trial;

**Page 7 of 8** -     COMPLAINT

3.      On the Third Claim for Relief, adjudging that all claims of Defendant arose

        prior to the Petition Date;

4.      Awarding Plaintiffs their costs and disbursements herein; and

5.      For such other and further relief as the Court deems just and proper.

        Respectfully submitted;

        VANDEN BOS & CHAPMAN, LLP


        By:/s/ Christopher N. Coyle for Ann K. Chapman
           Ann K. Chapman, OSB #83283
           Of Attorneys for Plaintiffs

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LINCOLN

|  |  |
|---|---|
| MERITAGE HOMEOWNERS' ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH G. MEEKO IV and CARMEN F. MEEKO, and USAA FEDERAL SAVINGS BANK,<br><br>Defendants. | No. 112579<br>Judge Branford<br><br>**GENERAL JUDGMENT AND MONEY AWARD** |

This matter having come on for hearing on June 3, 2013, before the Honorable Thomas O. Branford, the Plaintiff appearing through its attorney, Gregory C. Hansen, and Defendants Meeko appearing through their attorney, Peter J. Viteznik. The Court, having heard testimony and arguments of counsel, entered an Order Granting Plaintiff's Motion for Summary Judgment as to Defendants Meeko on July 1, 2013.

The Court finds that Plaintiff is entitled to the relief prayed for in its Complaint; now therefore,

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff shall have judgment against Defendants Meeko in the amount of $ _193,277.26_ , plus costs and disbursements in the amount of $213.57, for a total of $ _193,490.83_ , and that writ of execution shall issue therefor.

## MONEY AWARD

(1) Judgment Creditor     : Meritage Homeowners' Association
                            PO Box 429, Newport, OR 97365

(2) Judgment Creditor's Attorney : Gregory C. Hansen, GCHLAW LLC
                            570 Liberty Street SE, Suite 100, Salem, OR 97301
                            Telephone: 503-378-9101

(3) Judgment Debtor       : Joseph G. Meeko and Carmen F. Meeko
                            19990 SE Debora Drive, Boring, OR 97009

                            Birthdate: unknown
                            Social Security No. unknown
                            Driver's license & state of issue: unknown

Page 1 – General Judgment and Money Award

GREGORY C. HANSEN, ATTORNEY AT LAW
570 LIBERTY STREET S.E., SUITE 100, SALEM, OREGON 97301
TELEPHONE 503.378.9101   FAX 503.485.5444   EMAIL GREG@GCHLAW.NET

**Exhibit A - Page 1 of 2**

10249012- General Judgment-Meeko-Blank.docx 1/21/2014

(4) Judgment Debtor's Attorney    :    Peter J. Viteznik, Kilmer, Voorhees & Laurick, P.C
                                         732 NW 19th Avenue, Portland, OR  97209

(5) Other persons entitled to any
     portion of money award    :    None

(6) Amount of Award    :    $ 193,277.26 , plus $213.57 costs and
                                  disbursements, total $ 193,490.88

(7) Prejudgment interest    :    None

(8) Postjudgment interest    :    9% simple interest from date judgment until paid

Dated this 21 day of JANUARY, 2014.


_Thomas O. Branford_
Circuit Court Judge


Submitted by:
Gregory C. Hansen, OSB No. 892566
Attorney for Plaintiff
E-mail:  greg@gchlaw.net

GREGORY C. HANSEN, ATTORNEY AT LAW
570 LIBERTY STREET S.E., SUITE 100, SALEM, OREGON 97301
TELEPHONE 503.378.9101    FAX 503.485.5444    EMAIL GREG@GCHLAW.NET

**Exhibit A - Page 2 of 2**

10249012- General Judgment-Meeko-Blank.docx 1/21/2014

## SETTLEMENT AGREEMENT

**I.    PARTIES:**

      A.    This Settlement Agreement ("Agreement") is between:

            1.    JOSEPH G. MEEKO IV and CARMEN F. MEEKO ("the Meekos"); and

            2.    THE MERITAGE HOMEOWNERS' ASSOCIATION, an Oregon non-profit corporation ("the HOA").

**II.    FACTUAL RECITALS:**

A general money judgment was entered in the case of Meritage Homeowners' Association v. Joseph G. Meeko IV and Carmen F. Meeko, in the Circuit Court for the County of Lincoln, Case No. 112579, in the amount of $193,277.26 plus $213.47 costs and disbursements, totaling $193,490.83 on January 21, 2014. This obligation bears interest at 9% simple interest from the date of entry of Judgment until paid.

**III.    CREDITS AGAINST JUDGMENT:**

The parties have signed a separate Settlement Agreement that contemplates that certain proceeds from an insurance policy in the amount of $32,081.53 will be credited against this judgment upon payment to Dallas Glass of this amount. Payments made to Dallas Glass and under the terms of this Settlement Agreement shall be credited first to costs and disbursements of $213.57, to the extent they are still owed, then to interest on the judgment and then to principal.

**IV.    COMPROMISE SETTLEMENT AND PAYMENT:**

The HOA hereby agrees not to take any further action to execute upon or to collect upon the outstanding sums of the Judgment in exchange for regular monthly payments commencing April 1, 2014 in the amount of $775.00 payable to the Meritage Homeowners' Association. After April 1, 2014, future payments shall be due by the 10th of each month and shall be payable to Meritage Homeowner's Association and mailed to its mailing address: P.O. Box 429, Newport, OR 97365. Any payments shall be credited first to costs and disbursements of $213.57, to the extent they are still owed, then to interest on the judgment and then to principal. Said Judgment includes dues payable through December 31, 2014. The Meekos shall be entitled to a ten (10) day grace period to make their payments and, in the event of a default on the monthly payment schedule without payment being made within the grace period, they shall be provided ten (10) days written notice of said default and an opportunity to cure within that ten (10) day period.

Page 1 of 4 –Settlement Agreement

Notices to the Meekos pursuant to this Agreement shall be made as follows: by mailing said notice to Peter J. Viteznik, Kilmer, Voorhees & Laurick, P.C., 732 NW 19th Avenue, Portland, OR 97209 and also providing said notice to counsel for the Meekos via email as well at pviteznik@kilmerlaw.com; simultaneous mailing of said notice shall be sent directly to the Meekos at Joseph and Carmen Meeko, 19990 SE Debora Dr., Damascus, OR 97089 and by email at ltcolmeeko@yahoo.com or as otherwise designated by the Meekos. However, the HOA shall not be obligated to send more than two such notices in any twelve (12) month period. Accordingly, with a third late payment by the Meekos in any twelve (12) month period, a breach of the Agreement shall occur.

Notices to the HOA pursuant to this Agreement shall be made as follows: by mailing said notice to Mark C. Hoyt, Sherman, Sherman, Johnnie & Hoyt, P.O. Box 2247, Salem, OR 97308 and also providing said notice to counsel for the HOA via email as well at mark@shermlaw.com and by mailing notice to the HOA at its mailing address: P.O. Box 429, Newport, OR 97365.

## V.    ADDITIONAL TERMS:

As part of this agreement, the Meekos will execute an authorization for the HOA and/or its counsel to communicate directly with the lender on the Meeko property; the Meekos will cooperate in obtaining a form of authorization from the lender if the HOA is unable to procure such form of authorization. The Meekos will further cooperate with the HOA in dealings with the lender to the extent it is reasonable to do so.

In addition, to the extent the Meekos rent the unit at issue, all rental funds and proceeds will be paid directly to the HOA. Further, to the extent the unit at issue remains furnished, the HOA can rent the unit for a commercially reasonably sum to be credited in the same manner as all other payments. The HOA is not releasing its lien on the subject property and shall be entitled to any proceeds of the sale of the subject property at the Meritage development in accordance with the HOA's lien. The Meekos hereby also authorize the HOA to take actions as it relates to third-parties to protect the HOA's lien rights so long as those actions are not garnishments of the any amounts owed or due to the Meekos.

As part of this agreement, the Meekos are providing the attached sworn Financial Statement. The Meekos are on a fixed income and will notify the HOA if their income sources change, if they sell property for more than $10,000 or their situation changes in any substantial way within thirty (30) days of such change. In the event the Meekos decide to sell their home located at 19990 SE Debora Dr., Damascus, OR 97089, the HOA will release any Judgment it may have transcribed in that county at the time of closing, unless, after payment of the first mortgage, property taxes, sales and closing costs and the Meekos homestead exemption of $50,000, there are proceeds to which the HOA shall be entitled. The HOA may request an updated sworn financial statement every two years and the Meekos shall be required to provide said financial statement within sixty (60) days of the request by the HOA. The Meekos will cooperate in the sale of the unit which is the subject of the dispute herein and will work to assist the HOA or any other party obtain title to the property if the lender agrees.

Page 2 of 4 –Settlement Agreement

(Signatures on following page)

**MERITAGE HOMEOWNERS' ASSOCIATION fka MERITAGE AT LITTLE CREEK HOMEOWNERS' ASSOCIATION, INC.**

By: _____

Its: _____Pres_____

Dated: __4/8/14__

**JOSEPH G. MEEKO IV**

_Joseph G Meeko IV_

Dated: __APRIL 3, 2014__

**CARMEN F. MEEKO**

_Carmen F Meeko_

Dated: __april 3, 2014__

**APPROVED AS TO FORM:**

Peter J. Viteznik
KILMER, VOORHEES & LAURICK, P.C.

By: _____

Dated: __Apr 4, 2014__

Mark C. Hoyt
SHERMAN SHERMAN JOHNNIE & HOYT LLP

By: _____

Dated: __April 8, 2014__

Page 3 of 4 –Settlement Agreement

**Exhibit B - Page 3 of 4**

Joseph and Carmen Meeko
Financial Statement

| Title (residence, rental, commercial, etc) | Ownership H/W/J | Property Description | Estimated Gross Sales Price/Value | Less Liens/ Mortgages/ taxes/HOA | Net Equity | Exempt Amount in Bankruptcy | Available Equity |
|---|---|---|---|---|---|---|---|
| **Real Estate** | | | | | | | |
| Personal Residence | J | 19990 SE Debora Dr., Damascus, OR 97089 | 317,000.00 | 309,000.00 | 8,000.00 | 8,000.00 | 0.00 |
| Vacation Home | J | 56A NW 33rd St, Newport, OR 97365 | Unknown | 448,470.00 * | negative | 0.00 | 0.00 |
| Undeveloped land | J | 2 1/2 acres - Lancaster, CA | 2,000.00 | 0.00 | 2,000.00 | 0.00 | 2,000.00 |
| | | Subtotal, Equity (if any) in Real Estate | 319,000.00 | 757,470.00 | 10,000.00 | 8,000.00 | 2,000.00 |
| | | *balances estimated | | | | | |
| **Personal Property** | | | | | | | |
| Cash | J | Cash | 100.00 | 0.00 | 100.00 | 100.00 | 0.00 |
| Bank Account | J | Chase - checking #2619 (wholly traceable to Air Force Pension - balance varies) | unknown | 0.00 | unknown | 100% | 0.00 |
| Bank Account | J | Umpqua Bank #1593 (wholly traceable to VA Pension - balance varies) | unknown | 0.00 | unknown | 100% | 0.00 |
| Bank Account | H | Capital One - checking #2568 (wholly traceable to social security - balance varies) | unknown | 0.00 | unknown | 100% | 0.00 |
| Bank Account | W | Capital One - checking #1356 (wholly traceable to Social Security - balance varies) | unknown | 0.00 | unknown | 100% | 0.00 |
| Bank Account | J | Bank of America - checking #0867 | 223.00 | 0.00 | 223.00 | 0.00 | 223.00 |
| Bank Account | J | Rivermark Credit Union - savings #9150-1 | 5.00 | 0.00 | 5.00 | 0.00 | 5.00 |
| Bank Account | J | Rivermark Credit Union - checking #9150-2 | 49.00 | 0.00 | 49.00 | 49.00 | 0.00 |
| Bank Account | J | Rivermark Credit Union - savings #9150-3 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Household Goods | J | Household goods | 3,000.00 | 0.00 | 3,000.00 | 3,000.00 | 0.00 |
| Books, pictures, art | J | Books, pictures, art objects, etc. | 2,000.00 | 0.00 | 2,000.00 | 400.00 | 1,600.00 |
| Books, pictures, art | J | Stamp collection | 2,500.00 | 0.00 | 2,500.00 | 1,200.00 | 1,300.00 |
| Clothing | J | Wearing apparel | 1,000.00 | 0.00 | 1,000.00 | 1,000.00 | 0.00 |
| Jewelry | J | Misc. jewelry | 600.00 | 0.00 | 600.00 | 600.00 | 0.00 |
| Insurance Policies | H | Whole life insurance - Dept of Veterans | unknown | 0.00 | unknown | 100% | 0.00 |
| Insurance Policies | H | Whole life insurance - Army & Airforce | unknown | 0.00 | unknown | 100% | 0.00 |
| Insurance Policies | H | Universal Life Insurance - Armed Forces | unknown | 0.00 | unknown | 100% | 0.00 |
| Insurance Policies | H | Term life insurance - no cash value; Armed Forces Benefit Assoc.iation is beneficiary | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| IRA/Retirement | W | Roth IRA - Fidelity Investments | 36,340.00 | 0.00 | 36,340.00 | 36,340.00 | 0.00 |
| Interests in Partnership | J | 1.74921% interest in Windsor Properties LTD Partnership (office bldg in California) (No income last 4 yrs.) (building likely not marketable) | unknown | 0.00 | unknown | 0.00 | unknown |
| Accounts Receivable | J | Loan to Leamington Partners - Fee $10,000.00 (company has no value) | unknown | 0.00 | unknown | 0.00 | unknown |
| Vehicles | J | 2006 Toyota Avalon (100,000 miles) | 9,700.00 | 0.00 | 9,700.00 | 6,000.00 | 3,700.00 |
| Office Equipment | J | Toshiba computer (2 yrs - $75); Sony copier (15 yrs - $0); Kodak printer (2 yrs - $25) | 100.00 | 0.00 | 100.00 | 100.00 | 0.00 |
| Animals | J | Mini Dachshund | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Misc. other property | J | 1996 Kubota lawn tractor (damaged) | 300.00 | 0.00 | 300.00 | 0.00 | 300.00 |
| | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Subtotal, Equity (if any) in Personal Property | $55,917.00 | $0.00 | $55,917.00 | $48,796.00 | $7,128.00 |
| | | **TOTALS:** | $374,917.00 | $757,470.00 | $65,917.00 | $56,796.00 | $9,128.00 |

Verified & Sworn: *Joseph W Meeko* / Joseph Meeko    *Carmen Meeko* / Carmen Meeko

4/3/2014

**THIRD QUARTER 2014 DUES INVOICE**
**MERITAGE AT LITTLE CREEK**

DATE OF THIS BILL:                                                          **15-Jul-14**

DUE DATE FOR PAYMENT:                                               **15-Aug-14**


**PAY THIS AMOUNT:**                                        | **$    185,758.61** |

Name:                        Joe Meeko

Address:                     56 NW 33rd Place # A
E-Mail Address:              LtColMeeko@yahoo.com

| Payment calculator: | Regular Assessment | | State Farm Litigation Payment | | HOA Settlement Bad Debt Assessment | |
|---|---|---|---|---|---|---|
| Percentage: | | 6.6118% | | | | |
| Budget total: | $ | 350,000.00 | $ | - | $ | - |
| Your annual share: | $ | 23,141.30 | $ | - | $ | - |
| Your quarterly share: | $ | 5,785.33 | $ | - | $ | - |

| | | | HOA Settlement Collection Cost Assessment | |
|---|---|---|---|---|
| 2ND Qtr Carry Forward: | $ | 170,910.74 | | |
| Your Quarterly Dues: | $ | - | | |
| State Farm Litigation Payment: | $ | - | $ | - |
| HOA Settlement Bad Debt Assessment: | $ | - | $ | - |
| HOA Settlement Collection Cost Assessment: | $ | - | $ | - |

| | | | Attorney's Fees Assessment | |
|---|---|---|---|---|
| HOA Attorney's Fee Assessment: | $ | 14,847.87 | | 10.5265% |
| Accrued Interest: | $ | - | $ | 211,578.40 |
| Total due: | $ | 185,758.61 | $ | 22,271.80 |
| | | | $ | 7,423.93 |

**Pay this amount:**                                   | $    185,758.61 |


A one-time late fee of $25.00 will be charged for any payment received after the due date above.
9% simple interest accrues on past due accounts.
18% simple interest accrues on delinquent accounts.
A lien is created to secure all past due amounts.
Your payments are delinquent 30 days after the due date above.
Annual dues accelerate upon delinquency.
A lien will be filed for all delinquent amounts. Foreclosure will commence 30 days after lien filing.
THIS INVOICE MAY NOT REFLECT ALL FEES AND FINES ACCRUED AS OF ITS DATE.

Send payment to:            **MERITAGE HOA, P.O. BOX 429, NEWPORT, OR 97365**

**Exhibit C - Page 1 of 1**

**FOURTH QUARTER 2014 DUES INVOICE**
**MERITAGE AT LITTLE CREEK**

DATE OF THIS BILL:                                                                    **15-Oct-14**

DUE DATE FOR PAYMENT:                                                          **15-Nov-14**

PAY THIS AMOUNT:                                                    | **$      173,562.41** |

Name:                    Joe Meeko

Address:                 56 NW 33rd Place # A
E-Mail Address:          LtColMeeko@yahoo.com

| Payment calculator: | Regular Assessment | | State Farm Litigation Payment | | HOA Settlement Bad Debt Assessment | |
|---|---|---|---|---|---|---|
| Percentage: | 6.6118% | | | | | |
| Budget total: | $ | - | $ | - | $ | - |
| Your annual share: | $ | - | $ | - | $ | - |
| Your quarterly share: | $ | - | $ | - | $ | - |
| Window Assessment: | $ | 116,000.00 | | | **HOA Settlement Collection Cost Assessment** | |
| Your Quarterly Dues: | $ | - | | | | |
| Garnishments: | $ | (32,081.53) | | | | |
| Collateral Damage: | $ | 60,000.00 | | | $ | - |
| | | | | | $ | - |
| | | | | | $ | - |
| Fees: | $ | 2,500.00 | | | | |
| HOA Attorney's Fee Assessment: | $ | 26,316.25 | | | **Attorney's Fees Assessment** | |
| Accrued Interest: | $ | 827.69 | | | 10.5265% | |
| | | | | | $ | 250,000.00 |
| Total due: | $ | 173,562.41 | | | $ | 26,316.25 |

Pay this amount:                                        | $      173,562.41 |

A one-time late fee of $25.00 will be charged for any payment received after the due date above.
9% simple interest accrues on past due accounts.
18% simple interest accrues on delinquent accounts.
A lien is created to secure all past due amounts.
Your payments are delinquent 30 days after the due date above.
Annual dues accelerate upon delinquency.
A lien will be filed for all delinquent amounts. Foreclosure will commence 30 days after lien filing.
THIS INVOICE MAY NOT REFLECT ALL FEES AND FINES ACCRUED AS OF ITS DATE.

Send payment to:              **MERITAGE HOA, P.O. BOX 429, NEWPORT, OR 97365**

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LINCOLN

| | |
|---|---|
| **MERITAGE HOMEOWNERS' ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH G. MEEKO IV and CARMEN F. MEEKO, and USAA FEDERAL SAVINGS BANK,**<br><br>Defendants. | Case No. 112579<br><br>**DECLARATION OF KURT FREITAG IN SUPPORT OF JUDGMENT AGAINST DEFENDANTS** |

I, Kurt Freitag, do hereby declare that:

I am the Managing Partner of Big Fish Partners 1 ("Big Fish"), the Declarant for the townhome development known as Meritage, located just north of Newport, Oregon. In its capacity as Declarant, Big Fish operates the Meritage Homeowners' Association ("Meritage HOA"). In my role as Managing Partner of Big Fish, I have primary responsibility for the management of the Meritage HOA.

I have personal knowledge of the information set forth herein, and the facts set forth below are true and accurate to the best of my belief and understanding.

Meritage HOA seeks Judgment against Joseph and Carmen Meeko for unpaid dues and assessments owed to the HOA. Meritage seeks the judgment because the Meekos have not complied with their obligations under the charter documents for the

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1   HOA and the HOA needs to assure compliance by the Meekos, or a subsequent buyer,

2   through the presence of a lien on the Meeko property and because the Meekos have not

3   paid any dues to the HOA since 2010.

4       Thus, this is not a situation where the Meekos paid a portion of their dues and

5   dispute additional amounts. The Meekos received the benefit of services from the HOA

6   for more than 3 years without paying a penny, and now challenge the amount of their

7   obligations despite repeatedly being provided information demonstrating the amounts

8   due, waiving the right contest the amounts due as part of the settlement of unfounded

9   litigation the Meekos and other homeowners (all of whom paid or are paying dues)

10   brought against the HOA and agreeing to pay the HOA at least some of the amounts due

11   as part of the same settlement. Now, for at least the third time, the HOA is asked to

12   establish that the amount the Meekos owe is legitimate.

13   Meritage HOA began seeking payment from the Meekos in 2011, when the Meekos

14   stopped paying dues in any form.

15       The Meekos decision to not pay dues coincided with their participation in a

16   lawsuit which challenged the budget and the continued operation of the HOA by Big Fish

17   Partners. When the suit was filed, 16 of the 18 units in Meritage at the time were

18   plaintiffs in the action. All Plaintiffs[1], including the Meekos, settled the case by agreeing

19   to pay virtually all of the settlement funds paid by the HOA's insurance carrier to the

20   HOA to offset the attorney fees incurred by the HOA in defending the case.

21       In their lawsuit, the Meekos challenged the budget of the HOA, it expenditures

22   and Big Fish's operation of the HOA. A copy of their Complaint is attached hereto as

23   Exhibit 1.

24

2 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
   (*Meritage HOA v. Meeko, et al*)

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1    Because of the Meekos' refusal to pay any dues, and the other 15 plaintiffs either

2    paying no dues or arbitrarily reduced dues, the HOA instituted collection actions against

3    them to recover the amounts due and owing.  All of those actions were resolved through

4    settlement or stipulated judgment, leaving only the Meeko unit for the court to resolve.

5    The history of this matter demonstrates the issue was resolved several times before,

6    however, the Meekos now request the Court to address this matter again without

7    specifying what it is they object to, or what it is the Court needs to decide.

8    This matter was first addressed as part of the Meekos' request for Temporary

9    Restraining Order and then Preliminary Injunction as part of the action the Meekos filed

10   against the HOA.  The Meekos' first failed request for a preliminary injunction arose

11   when the HOA, as authorized in its Bylaws and Covenants, Conditions and Restrictions

12   ("CCRs"), sought to prevent unit owners who were not paying dues from using their

13   townhomes as rental properties until their dues were brought current.

14   When the HOA sought to prevent the Meekos from renting their unit, the Meekos

15   sought a Temporary Restraining Order ("TRO") to authorize rental of the units the

16   weekend after the HOA sought to prevent rentals from continuing.  The TRO authorizing

17   use of the properties as rentals the weekend immediately following the HOA's action was

18   granted.

19   However, when the matter returned to the Court for hearing on Preliminary

20   Injunction on April 13, 2011, the Court denied the Meekos' request for Preliminary

21   Injunction authorizing use of the rentals while dues went unpaid.  Instead the court left

22   the TRO in effect for only 30 days ultimately stating: "The reason I put the 30 days in

23   there was to go to the homeowners: they need to pay off their dues.  I didn't hear

24

[1] One party has not yet signed the settlement documents, and the HOA continues to seek final resolution of that

3 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
*(Meritage HOA v. Meeko, et al)*

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1  anything that would indicate to me that the dues aren't properly assessed so I'll leave it as

2  _____ the 11th.'' A copy of the relevant portion of an unofficial transcript of the

3  April 13, 2011, hearing is attached as <u>Exhibit 2</u>. Thus, the court concluded the 2011 dues

4  at issue in the preliminary injunction proceeding, the same 2011 dues at issue here, were

5  properly assessed and should be paid.

6       Yet, the Meekos still made no payment as they continued to rent there unit after

7  the period granted in the Preliminary Injunction expired.

8       The second time this matter was addressed was when the Meekos' lawsuit

9  challenging the budget and operation of the HOA returned to the Court for another

10  Preliminary Injunction hearing. The second request for a Preliminary Injunction asked

11  the court to order the HOA be turned over to the homeowners based on alleged financial

12  mismanagement and self dealing. The request was largely based on a challenge to

13  "unexplained" transfers of funds out of the HOAs' account.

14       Like the first, the second request for a Preliminary Injunction was denied. The

15  Court found no basis to conclude the HOA was mismanaged. During the Preliminary

16  Injunction Hearing evidence demonstrated that the financial transactions on which

17  Plaintiffs primarily based their challenge to Big Fish's continued management of the

18  HOA were appropriate. In fact, the evidence demonstrated that the Plaintiffs themselves

19  had evidence showing that the transactions they challenged were appropriate, and,

20  therefore, their allegations of impropriety were unfounded.

21       The bulk of the challenged transactions involved four significant transfers. All of

22  the transfers would have been easily explained had the Plaintiffs asked the HOA what

23  they involved, or consulted the Plaintiffs own records.

24

owners claims.

4 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
*(Meritage HOA v. Meeko, et al)*

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1    One of the four transfers was to repay Big Fish Partners for the payment of the

2    HOA's insurance premium.  The Plaintiffs never requested clarification of the nature of

3    the transfer before filing documents with the Court challenging the transfer.

4    The second transaction was a transfer to one of the plaintiffs, as payment for and

5    facilitation of work on behalf of the HOA.

6    The remaining two payments were payments made to the HOA which should

7    have been made to Big Fish for improvements constructed on two of the plaintiff's

8    dwellings.  The Plaintiffs for whom the improvements were built paid the HOA, rather

9    than Big Fish.  Big Fish transferred the funds out of the HOA's account to pay for the

10    improvements.

11    Plaintiffs did not explain why they did not disclose receipt of the funds associated

12    with the second transfer or payment to the HOA of the funds associated with the third and

13    fourth transfers when they challenged the transfers with the Court.  In fact, the Plaintiffs

14    at issue did not even appear to testify at the hearing leaving basis of the allegations and

15    the failure to consult their own records unexplained.

16    Nor did Plaintiffs present any substantive testimony challenging the budget of the

17    HOA.  Thus, the request for a Preliminary Injunction was denied.   Because the claim on

18    which the preliminary injunction was based related to the HOAs' budget, the decision

19    necessarily addressed whether the amounts assessed as dues were properly assessed.  Yet

20    they are at issue here again for the third time.

21    After the second request for a preliminary injunction failed, progress started

22    towards settlement.  During the pendency of the action the Meekos and others filed

23    against the HOA, the Plaintiffs amended their Complaint to assert property damage

24    claims which triggered the HOA's insurance coverage.

5 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
   (*Meritage HOA v. Meeko, et al*)

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1    Ultimately, the HOA's insurance carrier agreed to pay $166,000.00 to resolve the

2    case. As part of the agreement, $100,000.00 of the $166,000.00 was to be paid directly to

3    the HOA to offset its expenses in defending the litigation and the increased dues of the

4    two parties who did not participate in the unfounded claims against the HOA. A dispute

5    then arose between the plaintiffs in the lawsuit as to the how the remaining $66,000.00

6    should be distributed. Five of the 16 original units represented in the lawsuit had already

7    reached a resolution with the HOA agreeing to pay their outstanding dues and no longer

8    participate in the lawsuit. Of the 11 remaining parties who had not reached an agreement

9    with the HOA, 10 signed the settlement document.

10    The one holdout being Joseph and Carmen Meeko.

11    Eventually the dispute as to the application of the $66,000.00 was resolved thru

12    an addendum to the Settlement Agreement and Mutual Release of Claims. The Meekos

13    were one of the last parties to sign the Settlement agreement and Addendum, refusing to

14    sign either document until April 17, 2013.

15    The Settlement Agreement provided that: "This Release shall further act as a bar

16    to the assertion of any matter alleged in the HOA litigation as a defense against the HOA

17    for collection of outstanding dues, fines, interest, and all related collection costs of any

18    kind or nature whatsoever." The Settlement Agreement specifically provided the Meekos

19    discharged any claim they had related to or arising from the "operation and function of

20    the HOA prior to the date of this Agreement. . ." *See* Exhibit 3, Page 4, ¶7. A copy of

21    the Settlement Agreement is attached hereto as Exhibit 3 and a copy of the Addendum is

22    attached as Exhibit 4.

23    As part of the settlement agreement signed by the Meekos, they specifically agree

24    to pay certain amounts in the HOA budgets that had been assessed in 2012 and would be

6 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
    (*Meritage HOA v. Meeko, et al*)

1   assessed as part of the 2013 budget.  Exhibit 3, paragraph 3.  Despite that agreement, the

2   Meekos once more failed or refused to honor their obligations under an agreement they

3   had signed and failed to make any payment related to either of these annual budgeted

4   assessments.

5       Shortly after the Meekos signed the Settlement Agreement in which they agreed

6   to pay the HOA, the HOA moved forward seeking Summary Judgment, in part based on

7   the Release which indicated the Meekos had no defense to the collection action.  The

8   Meekos conceded that fact at the hearing, and Summary Judgment was entered.

9       Thereafter, the Meekos raised objections to the amount sought in the Judgment on

10  the basis they wanted a breakdown of the budget.  In doing so, the Meekos effectively

11  assert the very same claims they asserted in support of their request for Preliminary

12  Injunction authorizing rental of their unit while they failed to pay dues which the Court

13  denied, the same claims they asserted in support of the second preliminary injunction

14  seeking turnover of the HOA which the court determined were unfounded, and the same

15  claims they asserted in the lawsuit and waived in the Settlement Agreement.

16      Perhaps more significantly, without stating what it is they object to, the Meekos

17  now seek explanation of budgets which were provided to them in draft and final form

18  each year for review and comment.  Copies of *some* of the draft and final budgets

19  provided to the Meekos for comment as attached as Exhibit 5.

20      The budgets set forth the expenditures in each category and in some cases provide

21  information regarding actual expenditures year to date as compared to budget.  Despite

22  receiving the documents attached as Exhibit 5, the Meekos never raised a single question

23  or offered a single comment.  They just object to the amount of judgment sought by the

24

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

7 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
    (*Meritage HOA v. Meeko, et al*)

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1    HOA asking for a break out of the actual expenditures, most of which have already been

2    sent to them.

3         Thus, now, for the fourth time, the HOA is being required to substantiate and

4    litigate legitimacy of its budget, and the Meekos obligation to pay the dues which have

5    either been paid by, or agreed to be paid by 17 of the remaining 18 unit owners.

6         The basis of the HOA's request for Judgment was repeatedly shared with the

7    Meekos, and in fact outlined for them in detail as recently as January 8, 2014. To date,

8    however, the Meekos have not raised any specific objection to the amount sought. They

9    simply object without providing a basis for the objection.

10         The original amount of judgment sought by the HOA was $173,441.85. This

11    amount includes only the dues, assessments applicable to all HOA members and special

12    assessments levied against the Meekos through the end of 2013. It does not include any

13    fines, interest or any accrued attorney fees. The HOA made a considered decision not to

14    seek fines, interest and attorney fees, because it wanted to avoid protracted litigation over

15    the detail of such amounts. Accordingly, it limited, and still limits, its claim to Meekos

16    share of the HOA Budget and General Assessments and the one assessment levied

17    against the Meekos for their failure to comply with their obligations under the HOA

18    documents to repair and maintain their windows.

19         Despite limiting its request to the Meekos' percentage of the HOA's budget, and

20    special assessments, the Meekos still challenged the amounts sought requiring the HOA

21    to incur unnecessary and triplicative expense in order to obtain a judgment in this matter.

22         The amount sought by the HOA is set forth in Exhibit 6 attached hereto. The

23    amounts requested at the time Summary Judgment was granted are set forth in black.

24

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1   Amounts which accrued since Summary Judgment was granted relating to the 2014 dues

2   are set forth in red.

3       The HOA's original request for judgment of $173,441.92 was based upon

4   amounts due at the time Summary Judgment was granted.  Those amounts included those

5   due as the end of 2013.

6       The delay in entry of judgment in this matter resulted in additional dues accruing

7   for 2014.  While those dues were not before the Court at the time Summary Judgment

8   was granted, they have accrued and Plaintiffs requested in their Complaint an award of

9   subsequently accruing dues and assessments.

10      In the event that the Court wishes to avoid the need for an additional lawsuit to

11  recover the amounts which have accrued for 2014, the amounts are set forth in red and a

12  proposed form of Judgment will be presented to the Court at the time of the hearing for

13  consideration.

14      Should the Court conclude the 2014 dues should not be included the judgment,

15  the HOA seeks only those amounts which were before the Court at the time of Summary

16  Judgment was granted, which are the dues and assessments through the end of 2013.  The

17  HOA requests, however, the 2014 dues be included in the ultimate judgment, so that it is

18  not required to incur additional litigation costs as part of a subsequent collection action.

19      Exhibit 6 sets forth the amount due by year, breaking them out into those amounts

20  due based on the budget, for each year and the special assessment for each year.  The

21  total is then multiplied by the Meekos' percentage of dues as determined under the HOA

22  documents.  Based on the size of the Meekos' lot, pursuant to the HOA's charter

23  documents they are required to pay 6.6118% of the total dues and general assessments.

24

9 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
   (*Meritage HOA v. Meeko, et al*)

In addition to amounts due under the budgets for the three years at issue, a special assessment was levied against the Meekos for failure to replace defective windows in their unit.  Pursuant to the HOA's charter documents, the individual homeowner is responsible for maintenance repair of their windows.  For more than two years the HOA has been seeking to compel the Meekos to replace defective windows in their unit which are allowing water to enter the walls of the building and put at risk elements of the structure for which the HOA is responsible.  The Meekos have failed to take any action to replace the defective windows.

The HOA imposed the window assessment, because it is the only means by which the HOA can be assured the cost of repairing the windows is of record and a lien on the property, so the property cannot be sold and the profits harvested without disclosure of the obligation to repair the windows.  Further, the lien will provide notice to any potential buyer of the obligation to repair the windows so that expense can be factored into any subsequent purchase.  Accordingly, the cost of repairing the windows was also assessed against the Meekos.

The cost of replacing the windows was not determined by the HOA.  The cost is based on the amount estimated by the contractor for the repair.  The contractor has performed repairs on several of the units in the complex, and in each case has been extremely accurate in its estimated cost.  Accordingly, the HOA is confident of the window assessment.

The estimated cost of replacing the windows is $113,938.00.  The contractor's estimate for repair of the Meekos' unit is attached hereto as Exhibit 7.

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1    As set forth on Exhibit 6, the total amount due from the Meekos for dues and

2    general assessment, together with the window assessment through the end of 2013 is

3    $173,441.85.

4    Of this amount $113,938.00 represents the cost of replacing the windows.

5    Deducting this amount from the total owing, the Meekos' obligation for dues and

6    assessments for the three years at issue in this case during which the Meekos have paid

7    no dues, and yet accepted the benefit of all of the HOA's services is $71,076.85.  That

8    amount is derived by multiplying the Meekos' percentage of obligation of the HOA's

9    charter documents against the budget and special assessments for each year.

10    That amount is derived by taking the fiscal budget for 2011 of $150,000.00,

11    which was approved by the Court when it denied the first request for a Preliminary

12    Injunction together with a special assessment of $25,000.00 multiplying the $175,000.00

13    total for 2011 by the Meekos share of 6.6118% which results in an amount due of

14    $11,575.65.

15    Unfortunately during 2011, a substantial number of homeowners did not pay

16    dues.  Accordingly, a substantial portion of the HOA budget for 2011 went unpaid.  This

17    forced the HOA to borrow funds to continue operations.  As a result, the amount of

18    unpaid dues for 2011 was carried over into 2012, and added to that budget.  During 2011

19    and 2012 the HOA was incurring substantial attorney fees defending the litigation

20    brought by the Plaintiffs based on the allegations of financial impropriety which were

21    proven to be unsubstantiated and unfounded based on Plaintiffs own records.

22    Accordingly, the 2012 budget was increased as a result of the costs and litigation defense

23    and the unpaid amounts in 2011.

24

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1  As a result, the 2012 budget was $300,000.00 and an additional $150,000.00

2  special assessment was levied. The Meekos share of the total $450,000.00 budgeted for

3  2013 is $29,753.10.

4  Again, a substantial number of homeowners in 2012 did not pay dues.

5  Accordingly, a substantial portion of the 2012 budget, together with a portion of the 2011

6  budget which rolled over in 2012 was forced into 2013.

7  As a result the 2013 budget for the HOA was $450,000.00. The Meekos'

8  percentage obligation for that amount was $29,753.10.

9  This results in a total obligation through the end of 2013 in the amount of

10  $71,076.85.

11  To this amount the HOA applied credits the Meekos were entitled to pursuant to

12  the Settlement documents. Pursuant to the Addendum to the Settlement Agreement and

13  Mutual Release which the Meekos finally signed on April 17, 2013, the Meekos received

14  a credit of $9,917.70 as provided for in paragraph 1A. Exhibit 4.

15  In addition to the amounts credited to the Meekos under the Settlement

16  Agreement, the HOA took $25,000.00 of the $100,000.00 it received as part of the

17  settlement and attributed it to dues of the owners. The Meekos received an additional

18  credit of 6.6118% of the $25,000 or $1,652.95. The two credits totaled $11,573.00.

19  Those credits are set forth in black under the credits section on Exhibit 6.

20  After applying the credits, the Meekos share of the dues through the end of 2013

21  was $59,503.85. To this amount, the window assessment was added resulting in the

22  request in judgment for the amount of $173,441.85.

23

24

12 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
   (*Meritage HOA v. Meeko, et al*)

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

1    This information, together with a supporting spread sheet showing the calculation

2    was detailed in an email to their counsel sent on January 8, 2014. A copy of the email is

3    attached as Exhibit 8. The Meekos raised no objection to the calculation.

4    However, they requested information as to how the budgeted items were actually

5    spent. In essence, asking the HOA to substantiate its budget despite the two previous

6    rulings the 2011 budget was reasonable and reasserting the very claims the Meekos

7    released on April 17, 2012 when they signed the settlement agreement and addendum.

8    The Meekos request ignores the fact that the HOAs' expenditures are audited

9    quarterly. If any over or under payment is identified by the audit it is corrected on the

10    next subsequent billing. If any party overpays, the HOA credits them 9% interest on the

11    overpayment. In the event of an under payment, so long as the party paid the invoiced

12    amount, only the actual shortage need be paid. Thus, there is an independent source

13    verifying the HOAs expenditures quarterly.

14    Also set forth on Exhibit 6 is the 2014 budget in the amount $350,000.00,

15    together with the Meekos' 6.6118% share, which results in an obligation of $23,141.30.

16    This amount is set forth in red on Exhibit 6 under FY2014.

17    To that amount, the Meekos were provided a credit in the amount of $3,305.89.

18    This credit was a result of a settlement payment the HOA received through a pending

19    action against State Farm for payment of additional legal fees incurred in defense of the

20    HOA litigation. The Meekos were provided credit for their 6.6118% share of the

21    payment. When this credit is applied and the balance of the 2014 dues added to the

22    $59,503.85 due through the end of 2013, the total dues owed by the Meekos through

23    2014 is $79,339.26. Adding the window assessment to this amount, results in a total due

24    from the Meekos of $193,277.26.

1  　　　The HOA requests that the amount through the end of 2014 be awarded, so the

2  HOA is not required to pursue needlessly costly litigation to obtain another judgment

3  against the Meekos.

4  　　　Attached hereto as <u>Exhibit 9</u> is a calculation of the amounts not included in the

5  judgment.  Those amounts include the interest, fines, fees and attorney fees assessed

6  against the Meekos for the 2011, 2012, 2013 and 2014 fiscal year.  To avoid further

7  unnecessary litigation expense, those amounts are not sought here.  If the judgment is

8  entered through the end of 2013, the HOA will waive its claim for $73,371.92 in interest,

9  fines, fees and attorney fees.  If judgment is entered on the amounts due through the end

10 of 2014, the HOA will waive its claim in the amount of $91,769.68 for interest, fines,

11 fees and attorney fees.

12 　　　Further, the Meekos were regularly provided invoices which set forth the amounts

13 due.  Copies of the invoices are attached hereto as Exhibit 10.

14 　　　In sum:

15 　　　•　　　The Meekos failed to honor their obligations under the HOA foundational

16 documents

17 　　　•　　　The Meekos failed to abide by the direction of this court in the TRO

18 　　　•　　　The Meekos failed to honor their obligations under the settlement

19 document they signed

20 　　　•　　　Meanwhile the HOA's policies, practices, budgets and expenditures have

21 been scrutinized by this court at least twice and have been affirmed by a settlement

22 agreement

23

24

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

14 -- Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
　　*(Meritage HOA v. Meeko, et al)*

1    •     Despite this, the Meekos have failed to pay a single cent to the HOA but

2    instead now come to this court, after entry of summary judgment, to relitigate the issues

3    they asserted, without success, at least two previous times.

4        **I hereby declare under penalty of perjury under the laws of the State of**

5    **Oregon that the foregoing is true to the best of my knowledge and belief, and that I**

6    **understand it is made for use as evidence in Court and is subject to penalty for**

7    **perjury.**

8    DATED at _Phoenix, AZ Oregon_ this _17th_ day of _January_, 2014.

9

10   _____

11   Kurt Freitag, Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

SHERMAN, SHERMAN, JOHNNIE, & HOYT, LLP
693 Chemeketa Street NE / Post Office Box 2247
Salem, Oregon 97308-2247
(503)364-2281 FAX: (503)370-4308

15 – Declaration Of Kurt Freitag In Support Of Judgment Against Defendants
*(Meritage HOA v. Meeko, et al)*

# S S J H  Sherman Sherman Johnnie & Hoyt, LLP
*Attorneys at Law*

www.shermlaw.com

*Meeko 6218*

November 18, 2014

<u>**Via Certified Mail, RRR, #7012 2210 0000 1357 3457**</u>
<u>**and First Class Mail**</u>
Ann K. Chapman
Vanden Bos & Chapman, LLP
319 SW Washington Street, Ste. 520
Portland, OR 97204

NOV 1 9 2014

**Re:**   Notice of Delinquent Post-Petition Dues and Assessments
Offer to Engage in Dispute Resolution

Meritage Homeowners' Association / Joseph G. Meeko IV and Carmen F. Meeko
Property Address: 56 NW 33rd Place, #A, Newport, OR 97365

Dear Ms. Chapman:

This law firm represents Meritage Homeowners' Association ("Meritage"). The above referenced account is delinquent for failure to pay post-petition homeowners' dues and assessments in the amount of $173,562.41 as reflected on the attached fourth quarter invoice. Accordingly, demand is hereby made upon Joseph G. Meeko IV and Carmen F. Meeko for payment in full in the amount of $173,562.41 within ten (10) days of the date of this letter. In the event payment is not received in full within ten (10) days of the date of this letter, Meritage will file suit to recover amounts due and owing.

In accordance with ORS 94.630(4), this letter is Meritage's written offer to engage in dispute resolution through any program available within Lincoln County that is in substantial compliance with the standards and guidelines adopted under ORS 36.175. If the offer is not accepted as required by law, Meritage will immediately proceed with a collection action for the amounts due.

Thank you for your prompt attention to this matter.

Yours truly,
SHERMAN, SHERMAN, JOHNNIE & HOYT, LLP

Mark C. Hoyt
mark@shermlaw.com

MCH/sb
Encl.:   As stated above
cc:      Meritage HOA

693 Chemeketa Street NE
Salem, Oregon 97301
Ph. 503-364-2281
Fx. 503-370-4308

P.O. Box 2247
Salem, Oregon 97308
**Exhibit F - Page 1 of 2**

**FOURTH QUARTER 2014 DUES INVOICE**
**MERITAGE AT LITTLE CREEK**

DATE OF THIS BILL:                                                    **15-Oct-14**

DUE DATE FOR PAYMENT:                                        **15-Nov-14**

PAY THIS AMOUNT:                                                  | $    173,562.41 |

| Name: | Joe Meeko |
| Address: | 56 NW 33rd Place # A |
| E-Mail Address: | LtColMeeko@yahoo.com |

| Payment calculator: | Regular Assessment | State Farm Litigation Payment | HOA Settlement Bad Debt Assessment |
|---|---|---|---|
| Percentage: | 6.6118% | | |
| Budget total: | $         - | $         - | $         - |
| Your annual share: | $         - | $         - | $         - |
| Your quarterly share: | $         - | $         - | $         - |

| | | | HOA Settlement Collection Cost Assessment |
|---|---|---|---|
| Window Assessment: | $    116,000.00 | | |
| Your Quarterly Dues: | $         - | | |
| Garnishments: | $    (32,081.53) | | |
| | | | $         - |
| Collateral Damage: | $    60,000.00 | | $         - |
| | | | $         - |
| Fees: | $    2,500.00 | | **Attorney's Fees Assessment** |
| HOA Attorney's Fee Assessment: | $    26,316.25 | | |
| Accrued Interest: | $    827.69 | | 10.5265% |
| | | | $    250,000.00 |
| Total due: | $    173,562.41 | | $    26,316.25 |

Pay this amount:                            | $    173,562.41 |

A one-time late fee of $25.00 will be charged for any payment received after the due date above.
9% simple interest accrues on past due accounts.
18% simple interest accrues on delinquent accounts.
A lien is created to secure all past due amounts.
Your payments are delinquent 30 days after the due date above.
Annual dues accelerate upon delinquency.
A lien will be filed for all delinquent amounts. Foreclosure will commence 30 days after lien filing.
THIS INVOICE MAY NOT REFLECT ALL FEES AND FINES ACCRUED AS OF ITS DATE.

Send payment to:            **MERITAGE HOA, P.O. BOX 429, NEWPORT, OR 97365**

**Exhibit F - Page 2 of 2**